UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MERRITT ELMER                                    CIVIL ACTION

VERSUS                                           NO. 13-2804

NORTHLAND INSURANCE COMPANY, et al.              SECTION: "G"(3)

<u>ORDER AND REASONS</u>

Before the Court is Plaintiff Merritt Elmer's ("Plaintiff") Motion to Remand.[1] After considering the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will deny the pending motion.

## I. Background

### A. Factual Background

Plaintiff claims that on January 7, 2013, he "brought his vehicle to a complete stop due to a red light in the right turning lane at the intersection of Navarre Avenue and Canal Boulevard in Orleans Parish, State of Louisiana."[2] Plaintiff alleges that while he was waiting for the light to turn green, he was struck by an eighteen-wheeler truck owned and operated by Defendant Harold Goodwin ("Goodwin").[3] Plaintiff sues Goodwin and Northland Insurance Company ("Northland"), Goodwin's automobile liability insurer, claiming that the accident was caused by Goodwin's negligence.[4]

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 1-1 at ¶ 1 (Petition for Damages).

[3] *Id.*

[4] *Id.* at ¶¶ 2-5.

***B. Procedural Background***

Plaintiff filed this action on February 6, 2013 in the Civil District Court for the Parish of Orleans, State of Louisiana.[5] On May 8, 2013, Defendants Goodwin and Northland (collectively, "Defendants") filed a Notice of Removal, alleging complete diversity among the parties.[6] On May 29, 2013, Plaintiff filed the pending motion to remand this action to state court.[7] Defendants filed an opposition on June 11, 2013.[8]

## II. Parties' Arguments

In support of the pending motion, Plaintiff argues that pursuant to 28 U.S.C. § 1446, a party has 30 days from receipt, through service or otherwise, to seek removal.[9] Plaintiff notes that he filed this action in state court on February 6, 2013, service went out on February 14, 2013, and "defendant was physically served on February 25, 2013."[10] Therefore, Plaintiff argues that the May 8, 2013 Notice of Removal was untimely.[11]

Plaintiff notes that in paragraph 5 of the Notice of Removal, Defendants states that "petition to remove was filed within 30 days of receipt of plaintiff's discovery responses," but that "Defendants have not provided any exception to the Federal Rules or case law that supports this

---

[5] *Id.*

[6] Rec. Doc. 1.

[7] Rec. Doc. 5.

[8] Rec. Doc. 6.

[9] Rec. Doc. 5-1 at p. 2.

[10] *Id.* (citing Rec. Doc. 5-2, Sheriff's Certification of Service).

[11] *Id.* at p. 3.

attempt to untimely file for removal."[12] Plaintiff anticipates that Defendants will argue that it was not until they received Plaintiff's responses to certain interrogatories that they knew the amount in controversy exceeded $75,000, thereby permitting removal.[13] However, Plaintiff avers that "it was clear from the petition for damages that the case would exceed the $75,000.00 amount in controversy requirement."[14]

Plaintiff acknowledges that under Louisiana law, a plaintiff is prohibited from including a specific monetary demand, and therefore a defendant must establish by a preponderance of the evidence that this requirement is met.[15] Plaintiff claims that Defendants were put on notice "of the seriousness of the plaintiff's claims on the face of the petition, primarily by the allegations in paragraph 5:

> As a result of defendant's negligence, petitioner has sustained damages, including but not limited to past, present, and future medical expenses; past, present, and future mental anguish; past present, and future pain and suffering; wage loss; property damage; transportation expense; loss of use; loss of enjoyment of life; and loss of earning capacity.

Finally, Plaintiff argues that in the Petition for Damages, it alleges damages for "loss of enjoyment of life," "loss of earning capacity," "future medical expenses," "future mental anguish," and "future pain and suffering," which all "deal with ongoing injuries at the time the petition was filed."[16] Therefore, Plaintiff maintains that Defendants were on notice that the amount in controversy

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at p. 4.

[16] *Id.* at pp. 4-5.

3

exceeded $75,000 upon reviewing the Petition for Damages, and therefore the Notice of Removal was untimely.[17]

In opposition, Defendants argue that it was only able to ascertain the amount in controversy after Plaintiff responded to its interrogatory requests received on May 3, 2013.[18] Defendants acknowledge that § 1446(b)(3) allows a defendant to file a notice of removal within 30 days of receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," and that pursuant to § 1446(c)(3)(A):

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

Therefore, Defendants contend that their removal was not untimely, because Plaintiff's response to their discovery requests is explicitly recognized as a trigger to their 30-day time period to remove a case if the amount in controversy is not certain from the pleadings. In response to Plaintiff's allegation that Defendants were on notice that the amount in controversy would exceed $75,000 based on the types of damage sought, Defendants argue that the Petition for Damages uses "standard language" that appears in many petitions for damages, and was therefore not probative of the specific amount in controversy in this action.[19]

---

[17] *Id.* at p. 5.

[18] Rec. Doc. 6 at p. 2.

[19] *Id.* at p. 3.

### III. Law and Analysis

Defendants' Notice of Removal is premised on this Court having jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity among the parties and that the amount in controversy exceeds $75,000. As noted above, 28 U.S.C. § 1446(b)(1) requires that:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

However, 28 U.S.C. § 1446(b)(3), creates an exception if it is unknown upon receipt of the intial pleading that the action is removable:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Moreover, § 1446 expressly contemplates a scenario where the amount in controversy is unknown at the onset, and states:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).[20]

Simply put, the parties dispute which provision of § 1446 governs the timeliness of the Notice of Removal in this matter. Plaintiff argues that subsection (b)(1) should apply, which requires that the notice of removal be filed within 30 days after the defendant was served with the initial pleading. If this section applies, the Notice of Removal here was clearly untimely, and remand is

---

[20] 28 U.S.C. § 1446(c)(3)(A).

appropriate. In contrast, Defendants invoke subsection (b)(3) where the 30 day period to removal

is initiated when a defendant receives other paper –  such as the discovery responses here relating

to the amount in controversy – which allows a defendant to "ascertain" that the matter "is one which

is or has become removable." If this provision applies, the Notice of Removal was proper and

timely.

In *Bosky v. Kroger Texas, LP*,[21] the United States Court of Appeals for the Fifth Circuit noted

that the subsection (b)(1) applies "only when that pleading *affirmatively reveals on its face* that the

plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[22]

The Fifth Circuit reasoned that:

> this rule "promotes certainty and judicial efficiency by not requiring courts to inquire
> into what a particular defendant may or may not subjectively know" and that "the
> better policy is to focus the parties' and the court's attention on what the initial
> pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes
> the thirty-day time period to run from the defendant's receipt of the initial pleading,
> to place in the initial pleading a specific allegation that damages are in excess of the
> federal jurisdictional amount."[23]

The Fifth Circuit has also rejected imposing upon a defendant a "duty to exercise due diligence in

determining whether the case is in fact removable."[24]

Here, the Petition for Damages does not include a specific allegation of damages.[25] Plaintiff

has noted correctly that under Louisiana law, "[n]o specific monetary amount of damages shall be

---

[21] 288 F.3d 208 (5th Cir. 2002).

[22] *Id.* at 210 (internal quotations marks omitted) (emphasis in original).

[23] *Id.* (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

[24] *Chapman*, 969 F.2d at 162-63; *see also Bosky*, 288 F.3d at 210 ("We rejected a due diligence requirement
for determining whether a case is removable.").

[25] *See* Rec. Doc. 1-1.

6

included in the allegations or prayer for relief of any original, amended, or incidental demand."[26] However, this matter of Louisiana state law cannot operate to nullify the binding Fifth Circuit precedent that § 1446(b)(1) only applies "when the pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[27] Additionally, Plaintiff's position would prejudice all defendants who sought to remove cases from Louisiana state courts, where a specific amount of damages could *never* be specifically plead, especially when one considers that "the removing defendant is always required to 'prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[28] Plaintiff's construction would impose a *de facto* duty of due diligence on a removing defendant to determine the amount in controversy, despite the Fifth Circuit's clear dictate that such a duty should not be imposed.

This Court finds that such a construction and application of the provisions of § 1446 would be unjust and contrary to Fifth Circuit precedent. Therefore, the Court finds that the Petition for Damages did not "affirmatively reveal on its face" that the amount in controversy exceeded $75,000, and instead § 1446(b)(3) is applicable. As such, the Notice of Removal was timely filed on May 8, 2013, because it was filed within 30 days of Defendants' receipt of discovery responses from Plaintiff regarding the amount of damages on May 2, 2013. Accordingly, the Court will deny the pending motion to remand.

---

[26] La. Code Civ. P. art. 893.

[27] *Bosky*, 288 F.3d at 210.

[28] *Id.* (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[29] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 3rd  day of July, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[29] Rec. Doc. 5.